Karen Budd-Falen
Andrea R. Buzzard
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming 82003
(307) 632-5105 Telephone
(307) 637-3891 Facsimile
*Attorneys for Petitioner*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

**THE NEW MEXICO OFF-HIGHWAY
VEHICLE ALLIANCE,** a New Mexico
nonprofit corporation,

                          Petitioner,

                          Civil Action No.

    v.

**UNITED STATES FOREST SERVICE,**
An agency of the United States
Department of Agriculture, **THOMAS
TIDWELL,** in his official capacity as
Chief of the United States Forest Service,
**MARIA T. GARCIA**, in her official
Capacity as Santa Fe National Forest
Supervisor, **CAL JOYNER**, in his
official capacity as Regional Forester,
Southwestern Region, United States
Department of Agriculture and **TOM
VILSACK,** in his official capacity as
Secretary of the United States
Department of Agriculture,

                          Respondents,

**PETITION FOR REVIEW OF AGENCY ACTION**

Petitioner The New Mexico Off Highway Vehicle Alliance ("NMOHVA"), by and through its undersigned attorneys, Karen Budd-Falen and Andrea R. Buzzard of the Budd-Falen Law Offices, LLC, hereby petitions this Court for review of Respondents' final agency action implementing the Record of Decision for Travel Management on the Santa Fe National Forest ("ROD") and its corresponding Final Environmental Impact Statement for Travel Management on the Santa Fe National Forest ("FEIS").

1. The final agency action to be reviewed in this case is the final agency action implementing the Record of Decision for Travel Management on the Santa Fe National Forest, signed on June 12, 2012, by Respondent Maria T. Garcia. That decision was based on the Final Environmental Impact Statement for Travel Management on the Santa Fe National Forest, dated June 2012.

2. Prior to the final agency action at issue, the public's right to travel through the Forest was governed by the Santa Fe National Forest Plan, published in 1987. Under the 1987 Forest Plan and its corresponding policies, the public has had a right to travel on all existing routes (roads and trails), including all system routes and all non-system routes that were located in areas open to cross country travel (53% of the Forest). While the 2012 ROD refers to travel on non-system

1

routes as "unauthorized," until the implementation of the ROD, public travel on non-system routes has always been legal.

3. The effect of the 2012 ROD is the elimination of at least 69% of the routes previously identified by the Santa Fe National Forest as legal system and non-system routes.

4. Petitioner NMOHVA appealed the ROD and FEIS pursuant to 36 C.F.R. Part 215. Those appeals were denied in Appeal Nos. #12-03-00-0034-A215, #12-03-00-0039-A215, by decisions issued on October 2, 2012 by Mr. Gilbert Zepeda, in his capacity as appeal deciding officer, then Deputy Regional Forester.

5. In issuing its ROD and FEIS, the United States Forest Service ("USFS") violated the National Environmental Policy Act ("NEPA"), 42 U.S.C. §§ 4321, *et seq.* and regulations promulgated by the Council on Environmental Quality ("CEQ") by (1) not using the legally required baseline, termed the "no action" alternative; (2) failing to scientifically analyze the condition and motorized use of the existing roads and trails on the Santa Fe National Forest; (3) improperly relying on assumptions and generalizations instead of conducting the necessary scientific assessments and studies; (4) failing to set forth and analyze a reasonable range of alternatives; (5) failing to conduct the necessary scientific studies and obtain the necessary information before closing 60% of the trails in the area described as the Jemez Mountain salamander ("JMS") habitat; and (6) improperly assuming,

without factual support, a "detrimental impact" in the USFS's statement of "purpose and need" for its project, with respect to the existing roads and trails and their motorized use.

6. Petitioner NMOHVA is a nonprofit corporation, incorporated in 2004 under the laws of New Mexico, with its principal place of business in Albuquerque, New Mexico. NMOHVA is a statewide alliance of motorized off-highway vehicle enthusiasts and organizations who promote, protect, and preserve responsible off-highway vehicle recreation through education, safety training, and responsible land use ethics. Respondents' ROD and FEIS adversely affect and injure NMOHVA and its members through the wrongful prohibition of motorized access and motorized recreation on many of the roads and trails in the Santa Fe National Forest ("Forest"), which NMOHVA members would enjoy using but for issuance of the ROD, which authorized closure of those roads and trails.

7. Respondents United States Forest Service, an agency of the United States Department of Agriculture, Thomas Tidwell, in his official capacity as Chief of the United States Forest Service, Maria T. Garcia, in her official capacity as Santa Fe National Forest Supervisor, Cal Joyner, in his official capacity as Regional Forester, Southwestern Region, United States Department of Agriculture, and Tom Vilsack, is his official capacity as Secretary of the United States Department of

3

Agriculture, are charged with the administration of the Forest. Throughout this Petition, Respondents will be collectively referred to as the singular "USFS."

## *JURISDICTION AND VENUE*

8. The final agency action is reviewable by this Court pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706 and Fed. R. App. P. 15. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1580 (10th Cir. 1994) ("Reviews of agency action in the district courts must be processed as appeals. In such circumstances the district court should govern itself by referring to the Federal Rules of Appellate Procedure."); *WildEarth Guardians v. United States Forest Service*, 668 F. Supp. 2d 1314, 1323 (D.N.M. 2009) ("Pursuant to *Olenhouse* . . . , claims under the APA are treated as appeals and governed by reference to the Federal Rules of Appellate Procedure.").  This Court also has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391, as Santa Fe National Forest, the property that is the subject of the action, is situated wholly within the District of New Mexico. Moreover, a substantial part of the events or omissions giving rise to the claim occurred within the District of New Mexico. Venue is also proper in this judicial district pursuant to 28 U.S.C. § 1402, as NMOHVA resides in the District of New Mexico.

## *CORPORATE DISCLOSURE STATEMENT*

10.  NMOHVA incorporated in 2004 under the laws of New Mexico as a nonprofit corporation. NMOHVA has no parent corporation, and no publicly held corporation owns stock in NMOHVA.

## *STATEMENT OF PRIOR OR RELATED APPEALS*

11.  NMOHVA earlier filed its petition seeking judicial review of the same ROD and FEIS as are challenged here, in case no. 1:12-cv-01272-WJ-GB.  On July 25, 2014, the District Court for the District of New Mexico denied NMOHVA's petition for review and entered its Final Judgment accordingly.  *See New Mexico Off-Highway Vehicle Alliance v. U.S. Forest Serv.,* 2014 WL 6663755 (D. N.M. 2014).   NMOHVA appealed to the Tenth Circuit Court of Appeals.  Concluding that NMOHVA had not adequately demonstrated standing, the appellate court, in case no. 14-2135, dismissed NMOHVA's appeal and remanded the case to the district court with instructions to vacate its judgment and dismiss NMOHVA's action without prejudice for lack of subject matter jurisdiction.  *See New Mexico Off-Highway Vehicle Alliance v. U.S. Forest Serv.,* 2016 WL 1659985 (10th Cir. 2016).  On September 15, 2016, the district court entered its order vacating judgment and dismissing Petitioner's action without prejudice for lack of subject matter jurisdiction, as set forth in the Tenth Circuit's order and judgment and subsequent mandate order.

## *STANDING DECLARATIONS*

12. In the instant action, NMOHVA has remedied the standing issue. *See* Declaration of Mark. R. Werkmeister attached as Exhibit A and Declaration of James R. Tyldesley attached as Exhibit B. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-1 (1992) (standing requires that a plaintiff have suffered an "injury in fact" that is "actual or imminent," and that the injury is capable of being redressed by a favorable decision of the court).

## *STANDARD OF REVIEW*

13. Under 5 U.S.C. § 706, the court must, upon judicial review of an agency's action, decide all relevant questions of law and must, under (2)(A), hold unlawful and set aside agency action that is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and, under (2)(D) and (C), must hold unlawful and set aside agency action that is made without observance of procedures required by law or is in excess of statutory authority or limitations.

14. The court's review of the record must be sufficiently probing to ensure that the agency has not:

> relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.

*Motor Vehicle Mfrs. Ass'n of U.S. , Inc. v. State Farm Mut. Auto. Ins. Co.,* 463 U.S. 29 (1983).

15. "[C]ourts [must] ensure that agency decisions are founded on a reasoned evaluation of the relevant factors." *Marsh v. Or. Natural Res. Def. Council,* 490 U.S. 360, 378 (1989). An agency "must examine the relevant data and articulate a satisfactory explanation for its action." *State Farm Mut. Auto. Ins. Co.* at 43.

16. The word "or" in 5 U.S.C. § 706(2) (A) means that agency action can be set aside if it is *either* arbitrary, capricious, an abuse of discretion *or* not in accordance with law. The "not in accordance with law" is a separate and independent prong in paragraph (A) and gives rise to a legal determination that the court must make. *See Sheridan Corp. v. U.S.*, 94 Fed. Cl. 663, 668 (2010) (discussing the two prongs in paragraph (A) in the context of a procurement case; stating: "In other words, an agency action "may be set aside if either (1) the procurement official's decision lacked a rational basis; or (2) the procurement procedure involved a violation of regulation or procedure"); *Cousins v. Secretary of State,* 880 F.2d 603, 608 (1st Cir. 1989) ("[T]he APA, in addition to telling courts to 'hold unlawful and set aside' agency action that is 'arbitrary or capricious,' also tells them to set aside agency action that is 'otherwise not in accordance with law'…"). *See also Slingluff v. Occupational Safety & Health*

*Review Comm'n,* 425 F.3d 861, 866 (10th Cir. 2005) (noting that the deferential "arbitrary and capricious, [or] abuse of discretion" standard of review "do[es] not apply to questions of law").

### *STATEMENT OF THE ISSUES PRESENTED FOR REVIEW*

17. The following issues are presented for this Court's review in this case:

A. Whether the USFS's "no action alternative" is contrary to requirements of the NEPA, 42 U.S.C. § 4332, and the implementing CEQ regulations, 40 C.F.R. § 1502.14, because USFS did not use the legally required baseline.

B. Whether the USFS's "no action" alternative is not only contrary to law but arbitrary and capricious as well, particularly where, as here, USFS did not disclose, contrary to 40 C.F.R. § 1502.24, the methodology, if any, supporting USFS's substitute of its purported "best estimate" of where people "are driving now."

C. Whether USFS's "no action" alternative is not only contrary to law but arbitrary and capricious as well, particularly where, as here, the USFS did not thoroughly examine the roads and trails currently used and then determine the detrimental effects of use, if any. Rather the USFS inappropriately relied on assumptions not supported by the evidence to make generalizations about the resources analyzed. Moreover, USFS made clearly improbable assumptions, such as the assumption that all motorized vehicles--motorcycles, ATVs, trucks and cars--

-cause similar impacts to resources and that the effects of motorized trails are the same as the effects of roads.

     D.  Whether USFS's "Purpose and Need" statement is contrary to NEPA and CEQ regulations by assuming detrimental impacts to resources caused by the motorized use on existing roads and trails, which is not supported by the evidence, and which foreclosed serious consideration of alternatives and otherwise impermissibly narrowed the range of alternatives.

     E.  Whether the USFS violated NEPA and CEQ regulations by failing to analyze a reasonable range of alternatives when all action alternatives guaranteed closure of at least 61% of the miles of legal routes and only differed by a range of 15% of legal routes and were otherwise not substantially different.

     F.  Whether the USFS violated NEPA and CEQ regulations by failing to scientifically analyze the current conditions of the existing roads and trails, rendering its "more or less" mileage comparisons meaningless and of no logical value, particularly where there is no evidence that motorized use of the existing roads and trails is having a detrimental impact.

     G.  Whether USFS violated NEPA and CEQ regulations by failing to apply "best available science" and by utilizing methodologies in a manner contrary to 40 C.F.R. § 1502.24 and otherwise engaging in speculation and assumption.

H.  Whether the USFS violated NEPA and CEQ regulations and acted arbitrarily and capriciously and contrary to law when it failed to scientifically analyze the environmental effects of motorized use of roads and trails, not merely the fact of existence, before reducing, by 69%, the public's opportunity of motorized use throughout the Santa Fe National Forest, particularly when there is no evidence that such dramatic reduction in use will improve the environment or provide greater protection for wildlife species.

I.  Whether the USFS violated NEPA and CEQ regulations by failing to provide to the public and to the decision-maker the underlying environmental data and accurate scientific analysis when the USFS illegally eliminated from consideration and analysis a significant amount of roads and trails, thus skewing all subsequent data presented by USFS.

J.  Whether the FS violated NEPA and CEQ regulations, acted in an arbitrary and capricious manner in closing, and had predetermined, contrary to the law, before its proposed action was released, to close the bulk of existing trails in the Jemez Mountains salamander ("JMS") habitat from motorized use.

K.  Whether the USFS acted contrary to law and in an arbitrary and capricious manner by failing to conduct the necessary scientific studies and obtain the necessary information before closing 60% of the trails in the area described as the JMS area.

## *PRAYER FOR RELIEF*

18. Petitioner respectfully prays that the Court:

A. Set aside, vacate and hold unlawful the ROD and FEIS challenged herein;

B. Reinstate the Respondents' previous, "open" travel management policies in effect before the challenged ROD and FEIS were issued;

C. Award Petitioners fees and and costs; and

D. Grant Petitioners such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 29th day of September, 2016.

/s/Karen Budd-Falen
Karen Budd-Falen
Andrea R. Buzzard
BUDD-FALEN LAW OFFICES, LLC
300 East 18th Street
Post Office Box 346
Cheyenne, Wyoming  82003
(307) 632-5105 Telephone
(307) 637-3891 Facsimile

*Attorneys for Petitioner*