UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

**THE NEW MEXICO OFF-HIGHWAY
VEHICLE ALLIANCE,**

    Petitioner,

v.                                                                   No. 16 CV 1073 JAP/KBM

**UNITED STATES FOREST SERVICE,**
**An agency of the United States Department
of Agriculture, THOMAS TIDWELL, in his
official capacity as Chief of the United States
Forest Service, MARIA T. GARCIA, in her
official capacity as Santa Fe National Forest
Supervisor, CAL JOYNER, in his official
capacity as Regional Forester, Southwestern
Region, United States Department of
Agriculture, and TOM VILSACK, in his
official capacity as Secretary of the United
States Department of Agriculture,**

    Respondents.

**MEMORANDUM OPINION AND ORDER**

Petitioner New Mexico Off-Highway Vehicle Alliance (Petitioner) seeks to challenge a Final Environmental Impact Statement (FEIS) for Travel Management on the Santa Fe National Forest issued by the United States Forest Service (Respondents), along with the Record of Decision (ROD) for Travel Management on the Santa Fe National Forest that Respondents implemented based on the FEIS. *See* PETITION FOR REVIEW OF AGENCY ACTION (Doc. No. 1) (Petition). Respondents have moved to dismiss the Petition, arguing that issue preclusion bars Petitioner from establishing standing to bring suit. *See* FEDERAL RESPONDENTS' MOTION TO DISMISS (Doc. No. 12) (Motion); FEDERAL RESPONDENTS' REPLY IN

SUPPORT OF MOTION TO DISMISS (Doc. No. 15) (Reply). Petitioner opposes the Motion. *See* PETITIONER NEW MEXICO OFF-HIGHWAY VEHICLE ALLIANCE'S RESPONSE TO MOTION TO DISMISS (Doc. 14) (Response). The Court will grant the Motion and will dismiss the Petition without prejudice for lack of jurisdiction.

## I. BACKGROUND

Petitioner is a nonprofit organization whose members are advocates for off-highway motorized recreation. *See* Pet. ¶ 6. In June 2012, Respondents issued the FEIS and ROD in response to regulations that required Respondents to designate specific areas of the National Forest for motor vehicle use and prohibited motorized use that was not in accordance with those designations. *See* Mot. at 5; Travel Management; Designated Routes and Areas for Motor Vehicle Use, 70 Fed. Reg. 68,264 (Nov. 9, 2005) (codified at 36 C.F.R. pts. 212, 251, 261, and 295). The ROD reduced the number of roads and trails in the Santa Fe National Forest that were open for motorized use. *See* Pet. ¶¶ 2–3.

Petitioner unsuccessfully challenged the FEIS and ROD through the administrative process, and then filed suit against Respondents in December 2012 alleging violations of the National Environmental Policy Act and seeking reinstatement of the previous open-use policy. *See N.M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, No. 12-cv-1272, 2014 WL 6663755 (D.N.M. July 25, 2014). The district court upheld the agency's action and denied the petition for review, but on appeal the Tenth Circuit held that Petitioner had failed to establish standing. *See N.M. Off-Highway Vehicle All. v. U.S. Forest Serv.*, 645 F. App'x 795, 797 (10th Cir. 2016). The appellate court determined that Petitioner had insufficiently alleged a concrete and particularized injury that was actual or imminent because Petitioner had not alleged that its members used any particular route affected by the ROD, nor had Petitioner shown that any of its members had

concrete plans to return to an affected area. *See id.* at 801–02, 805–06. The Tenth Circuit ordered the district court to vacate the judgment that had upheld the agency's action on the merits and to dismiss the case without prejudice for lack of subject-matter jurisdiction. *See id.* at 807.

Petitioner has now filed a second petition for review, raising the same allegations as those in its first petition, but accompanied by revised and expanded declarations that Petitioner asserts have "remedied the standing issue." *See* Pet. ¶¶ 11–12; Resp. at 2–3. Respondents contend that the prior dismissal for lack of jurisdiction precludes Petitioner from establishing standing based on facts that were available at the time its original suit was filed, and that consequently this second petition must also be dismissed for lack of jurisdiction. *See* Mot. at 1, 3.

## II.     DISCUSSION

Issue preclusion bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (internal quotation marks omitted). Issue preclusion applies when:

> (1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.

*Park Lake Res. Ltd. Liab. Co. v. U.S. Dep't of Agric.*, 378 F.3d 1132, 1136 (10th Cir. 2004) (quoting *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000)). "By precluding parties from contesting matters that they have had a full and fair opportunity to litigate, [issue preclusion] protect[s] against the expense and vexation attending multiple lawsuits, conserv[es] judicial resources, and foster[s] reliance on judicial action by minimizing the possibility of inconsistent decisions." *Taylor*, 553 U.S. at 892 (internal brackets and quotation marks omitted).

Petitioner argues that issue preclusion does not apply because its prior action was dismissed without prejudice and that it should be allowed to refile and allege the information previously deemed missing by the Tenth Circuit. Resp. at 4. Petitioner characterizes Respondents' Motion as an attempt "to attach 'with prejudice' consequences to its 'without prejudice' dismissal." Resp. at 4. But even though a dismissal for lack of jurisdiction is not "on the merits" of the underlying claim, it nevertheless "preclude[s] relitigation of the issues determined in ruling on the jurisdiction question." *Park Lake*, 378 F.3d at 1136 (internal quotation marks omitted). When standing has been found lacking, "even a dismissal without prejudice will have a preclusive effect on the standing issue in a future action." *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218–19 (10th Cir. 2006).

Petitioner attempts to distinguish *Park Lake* by pointing out that its new standing declarations allege facts that were not considered in the previous case and stating that it has cured the jurisdictional defect with new information and is not attempting to relitigate the same issue. *See* Resp. at 8–11. In some instances, a case may be refiled when a jurisdictional deficiency has been cured. *See Park Lake*, 378 F.3d at 1137 ("suit may be brought again where a jurisdictional defect has been cured or loses its controlling force."). "But the change in circumstances that cures the jurisdictional defect must occur subsequent to the prior litigation." *Id.*; *See also Nat'l Ass'n of Home Builders v. E.P.A.*, 786 F.3d 34, 41 (D.C. Cir. 2015) (relitigation of jurisdictional dismissal for lack of standing is allowed only if events subsequent to the dismissal have cured the jurisdictional deficiency); *Perry v. Sheahan*, 222 F.3d 309, 318 (7th Cir. 2000) (inclusion of new factual allegations does not defeat issue preclusion and allow relitigation of standing when those facts were available at the time the original complaint was filed).

Petitioner contends that the Tenth Circuit has specifically recognized standing deficiencies as curable, citing *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990), for support. *See* Resp. at 6 n.1. But *Reynoldson* reversed a with-prejudice dismissal and held that the pro se plaintiff should have been allowed to amend his complaint when it appeared that he probably did have standing but lacked sufficient legal knowledge to properly plead his claim. *See Reynoldson*, 907 F.2d at 126. The situation addressed by *Reynoldson* is distinguishable from that of Petitioner, which has been represented by counsel throughout this litigation. *See* Pet. at 1; *N.M. Off-Highway Vehicle All.*, 2014 WL 6663755; *N.M. Off-Highway Vehicle All.*, 645 F. App'x at 796. Petitioner's standing was challenged before the district court on its first petition, *see N.M. Off-Highway Vehicle All.*, 2014 WL 6663755 at *3–*4, and Petitioner therefore had a full opportunity to litigate the issue and was on notice that it should plead all then-existing facts in support of its standing. Instead, the district court concluded that Petitioner's affidavit was insufficient to establish standing and that the administrative record sufficed "only by the slimmest of margins." *Id.* at *4. The Tenth Circuit "scoured the extensive administrative record" but concluded that Petitioner had not demonstrated its standing. *N.M. Off-Highway Vehicle All.*, 645 F. App'x at 804. Petitioner is now precluded by this prior determination from relying on any facts other than those that have arisen subsequent to the prior dismissal to establish its standing in this second suit. *See Park Lake*, 378 F.3d at 1137.

While Petitioner's new standing declarations provide greater detail as to the impact of the ROD on Petitioner's use of the National Forest, all of Petitioner's allegations concern harm arising from the 2012 implementation of the ROD. *See* Pet. Ex. A Werkmeister Decl.; Ex. B Tyldesley Decl. The Court finds that Petitioner has not alleged any facts that were not available to Petitioner at the time its first lawsuit was dismissed. "[I]t does not make sense to allow a

plaintiff to begin the same suit over and over again in the same court, each time alleging additional facts that the plaintiff was aware of from the beginning of the suit, until it finally satisfies the jurisdictional requirements." *Park Lake*, 378 F.3d at 1138 (internal quotation marks omitted). The prior dismissal should not "be used as a mere instruction manual on how [to do] a better job of pleading preexisting facts." *Home Builders*, 786 F.3d at 43. The Court therefore concludes that issue preclusion prevents Petitioner from establishing its standing. Consequently, the Court lacks jurisdiction to consider Petitioner's claim and will grant Respondents' Motion.

    IT IS ORDERED that:

    1.    FEDERAL RESPONDENT'S MOTION TO DISMISS (Doc. No. 12) is GRANTED.

    2.    PETITION FOR REVIEW OF AGENCY ACTION (Doc. No. 1) is dismissed without prejudice for lack of jurisdiction.

_____
SENIOR UNITED STATES DISTRICT JUDGE